UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Diane M. Barber, D.C.,

Plaintiff,

v.

The Monarch Life Insurance Company,

Defendant.

Civil File No. 01-2291 JRT/FN

**STIPULATION FOR PROTECTIVE ORDER AND ORDER**

It is hereby stipulated between Plaintiff and Defendant, by and through their respective counsel, that an order to the following effect may be entered herein, the Honorable Court consenting:

1. As hereinafter used, the term "Claims Manual" means Monarch Life Insurance Company's claims manual to be produced to Diane M. Barber as part of discovery in the above-captioned suit.

2. The Claims Manual will be marked by Defendant as "CONFIDENTIAL."

3. The producing party shall retain the original of the Claims Manual but any party, by its counsel, shall have the right to examine the original, to be provided with a full and complete copy thereof, and to call for production of the original at the trial of this action.

4. All portions of depositions, exhibits, answers to interrogatories, and other documents or things, or copies thereof, and all other information received by counsel for any party pursuant to pretrial discovery or disclosure in this litigation which utilizes or

FILED ______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

references the Claims Manual shall also be marked as "CONFIDENTIAL" and used in compliance with this protective order.

5. The Claims Manual shall not be disclosed to any other person or party except that, and solely for the purpose of this litigation, any such transcript, deposition, exhibit, answer, or other document or information may be disclosed by counsel for a party to the following:

a. The parties and their counsel of record, including members, associates, and employees of the firm of which such counsel are members;

b. Deposition notaries;

c. Deponents during the course of their depositions;

d. Such officers and/or persons regularly employed by each party whose assistance, advice, and consultation will be required by the party in connection with preparation for trial or at trial of this action;

e. Experts and consultants retained to testify or consult during this litigation; and

f. The Court (including the Clerk of Courts, Deputy Clerks, and necessary staff).

6. The persons identified in Paragraphs 4(d) and 4(e), before any Confidential Information is disclosed to him or her, shall be notified by the parties that the information and documents are subject to the terms of a protective order and may not be used, disclosed, or in any way communicated except pursuant to the terms of this Order. Such persons shall sign a copy of the Order constituting their acceptance of its terms.

7. No person or party shall make public disclosure of any information obtained pursuant to pretrial discovery or disclosure in this litigation, which shall have been marked as "CONFIDENTIAL" by an opposing party to this action, without further order of the Court.

8. If materials subject to this Stipulated Protective Order are filed with the Court, they shall be filed under seal and in an envelope bearing the following description:

**CONFIDENTIAL**

**This envelop contains confidential information subject to Protective Order and is not to be opened except pursuant to the authority of the Court**

9. Any party may move the Court for an Order removing the confidentiality designation or modifying the terms of this Order.

10. Execution of this Order itself by any party or attorney shall not affect the admissibility into evidence of any document covered by this Order.

11. Upon final termination of this litigation, each party or person subject to the terms hereof shall be under an obligation to assemble and return to the originating source, if the source should so request, all materials and documents designated "CONFIDENTIAL" and all copies thereof, and all other materials, memoranda, or documents embodying data concerning the Claims Manual.

12. The production of these documents by the producing party does not waive any privilege that may be asserted by any party in this proceeding or in any other litigation.

13. The parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of this document, whenever that may be.

Dated: September 13, 2002

**DORSEY & WHITNEY LLP**

By [signature]
Elizabeth S. Wright #0184111
Emily L. Fitzgerald #0310906
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Monarch Life Insurance Company

Dated: September 17th, 2002

**STAPLETON, NOLAN, MACGREGOR, & THOMPSON**

By [signature]
Mark M. Nolan, #79418
Jodell M. Galman #
2300 Firstar Center
101 East Fifth Street
St. Paul, MN 55101
Telephone: (651) 227-6661

Attorneys for Diane M. Barber

**ORDER**

The foregoing Stipulation for Protective Order is hereby adopted by the Court.

Dated this 25th day of Sept, 2002.

BY THE COURT:

[signature]